UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NELS JOHNSON, a single person,<br><br>           Plaintiff,<br><br>    v.<br><br>GEORGIA-PACIFIC CORPORATION, successor in interest to CROWN ZELLERBACH; et al,<br><br>           Defendants. | CASE NO. C04-1463RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

       This matter is before the Court upon defendants' motion for reconsideration of the Court's July 27, 2005, Order on summary judgment. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to request a response to the motion. For the reasons set forth below the motion for reconsideration is DENIED.

       Defendants contend that the Court erred when it "predicated its rulings on a finding that defendant 'abandoned' its position at the hearing . . . regarding what retirement plan applies to plaintiff's 2000-2001 administrative appeal. . . ." Dkt. # 72, p. 1. Defendants assert that they did not "abandon"

ORDER ON MOTION FOR
RECONSIDERATION - 1

their position that the plan in place at the time of the administrative appeal is the one which controls this Court's review, and ask the Court to await the preparation of the transcript of the oral argument to confirm this. Such delay is unnecessary.

At the beginning of the oral argument, the Court requested the parties to answer three questions in their respective presentations. The first of the questions, and the one at issue here, was, "Which plan controls plaintiff's retirement benefits?" Defendants contend that counsel's response that the 1973 plan "controls" was related to the statute of limitations argument, and that the Court thus misconstrued that statement when it found that defendants "agreed with plaintiff that the plan in effect at the time of plaintiff's retirement controls his entitlement to benefits." Order, p. 4. However, the Court's ruling as to the operative plan was based not upon that perceived agreement, but rather on the Court's reading and application of the cases cited by both parties, as indicated by the citation to <u>Grosz-Saloman v. Paul Revere Life Insurance Co.</u>, 237 F. 3d 1154, 1159-60 (9th Cir. 2001), and <u>Geiger v. Hartford Life Insurance</u>, 348 F. Supp 2d 1097, 1106-8 (E.D.Cal. 2004). The statement with respect to defendants' agreement is relevant only to the lack of detailed analysis to explain the Court's ruling that the 1973 plan, as modified by the 1976 amendments, is the plan which determines plaintiff's eligibility for benefits for the time prior to his break in service. It was not in any way the basis for that ruling, and the Court therefore declines to reconsider it.

DATED this    29    day of    August   , 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 2