1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELS JOHNSON, a single person,

        Plaintiff,

        v.

GEORGIA-PACIFIC CORPORATION,
successor in interest to CROWN ZELLERBACH;
et al,

        Defendants.

CASE NO. C04-1463RSM

SUPPLEMENTAL ORDER ON
SUMMARY JUDGMENT

       This matter is before the Court upon remand from the Ninth Circuit Court of Appeals, for the limited purpose of providing reasons for rejecting defendants' laches argument. In otherwise affirming this Court's April 11, 2006 decision regarding plaintiff's entitlement to credit for his years of service, the Ninth Circuit Court of Appeals stated that "[t]he district court declined to apply laches, but because it did not explain its reasoning, we can not review its determination." Memorandum Order, p. 6. The Court now explains its reasons for its determination as directed. This Order is a supplement to the July 27, 2005 and April 11, 2006 Orders, and the Court shall not restate the background facts set forth therein.

       As an initial matter, the Court notes that on February 14, 2008, a month after receiving the

SUPPLEMENTAL ORDER - 1

1  appellate court's mandate, the Court issued a scheduling order for supplemental briefing on the issue of

2  laches, and directed the parties to note the matter as a motion for summary judgment.. Dkt. # 164.

3  Defendants have used this an opportunity to expand upon the laches argument which was raised for the

4  first time in defendants' first motion for summary judgment, and renewed to a limited extent in the second

5  motion for summary judgment.  Dkt. ## 16, 83.  Some of this argument exceeds the scope of the remand

6  and of this Court's Order directing supplemental briefing.  The Court deems this expanded argument

7  improper, and shall address only its reasons for rejecting the laches argument as originally framed in the

8  defendants' motions for summary judgment.

9       In their first motion for summary judgment, defendants asserted that plaintiff "unreasonably

10  delayed filing his claims for well over twenty years", and therefore his claims should be barred by the

11  doctrine of laches.  Dkt. # 16, p. 19.  Defendants then proceeded to argue the elements of the equitable

12  defense of laches.  However, defendants did not plead this equitable defense as required under

13  F.R.Civ.Proc. 8(c).  While the Ninth Circuit Court of Appeals has "liberalized" the requirement that

14  affirmative defenses must be raised in initial pleadings, it still holds that affirmative defenses may be raised

15  for the first time in a motion for summary judgment only if "the delay does not prejudice the plaintiff".

16  *Magana v. Commonwealth of the Northern Mariana Island*, 107 F. 3d 1436, 1446 (9th Cir. 1997).

17  Nowhere did defendants in their summary judgment motion demonstrate that the delay in asserting the

18  affirmative defense caused no prejudice to plaintiff;  they did not even attempt to make such a threshold

19  showing or otherwise argue that they should be allowed to assert laches despite the failure to plead it as

20  an affirmative defense.

21       Briefly stated, then, the Court rejected defendants' laches argument because it was not properly

22  raised.  In so doing, the Court should have explained that "the Court declines to apply the doctrine of

23  laches to this claim because laches was not properly pled as a defense, and defendants have demonstrated

24  no cause for relaxing the rule set forth in F.R.Cvi. Proc. 8(c)."  The Court hereby amends the language

25  set forth at page 4 in the Order dated July 27, 2005, to so state.  Dkt. # 70.

26       Now having the opportunity to further explain its reasons for rejecting the laches argument, the

27  Court notes that if it were to reach the merits of defendants' argument, it would still reject it.

28  SUPPLEMENTAL ORDER - 2

Defendants' laches argument is based on the assertion that plaintiff knew in 1976 that his claim to credit for service for all fifteen of his pre-1947 work years had been denied.   According to defendants, the laches period began to run at that time, thus creating a delay of over twenty years by defendants' count. However, the rule cited by defendants in support of this assertion is that the laches period "begins to run when the plaintiff discovers the facts which create his right or cause of action."  Defendants' Motion for Summary Judgment, Dkt. # 16, p. 20; *citing White v. Daniel*, 909 F. 2d 99, 102 (4th Cir. 1990).   There are several reasons why the Court would not adopt defendants' argument.

First of all, while plaintiff may have known that his claim to credit for those years was denied in 1976, he did not know that it had been **wrongfully** denied until much later, possibly as late as 2005, when counsel, through diligent cooperative efforts, finally obtained a copy of the applicable (1976) plan. *See*, Declaration of Daniel Thomson, Dkt. # 22, ¶¶ 2, 7, 8; Supplemental Declaration of Daniel Thompson, Dkt. # 67; Declaration of Mark Kelly, Dkt. # 85, ¶¶2, 3, 4, 5.   Therefore plaintiff did not have all the facts to create his right of action in 1976.   Secondly, the Court determined, in the same paragraph in which it rejected the laches defense, that the applicable statute of limitations under ERISA did not bar plaintiff's action.   Order on Motions for Summary Judgment, Dkt. # 70, p. 4.   In this circuit, when a plaintiff files suit within the analogous limitation period, there is a strong presumption that laches is inapplicable. *Tillamook County Smoker, Inc., v. Tillamook County Creamery Association,*, 465 F. 3d 1102, 1108 (9th Cir. 2006); *citing Jarrow Formulas, Inc., v. Nutrition Now, Inc.,* 304 F. 3d 829, 836 (9th Cir. 2002).   Defendants made no attempt to overcome that presumption.   Thirdly, laches is an equitable defense, whose application depends on the facts of the particular case. *In re Beatty*, 306 F. 914, 927 (9th Cir. 2002); *quoting Brown v. Continental Can Co*., 765 F. 2d 810, 814 (9th Cir. 1985). Under the facts of this case, where the Court has found that the plan administrators abused their discretion by citing to the wrong plan in denying plaintiff's claim to credit for all of his pre-1947 years of service, the Court would find no equitable basis for allowing a laches defense.   Defendants have alleged no actual prejudice to their defense against plaintiff's claim arising from the passage of time;  indeed their argument that the passage of time has led to the loss of witnesses and documents which would support their position has been proven wrong.   The relevant plan documents which were ultimately discovered

SUPPLEMENTAL ORDER - 3

1  through the efforts of counsel have supported plaintiff's, not defendants' position.  Defendants cannot

2  point to any evidence which has been lost through the passage of time that would change this result.

3  Therefore they are not entitled to prevail on the merits of their laches defense.

4       Defendants raised laches again in their second motion for summary judgment.  In that motion,

5  defendants raised laches only with respect to plaintiff's promissory estoppel theory of recovery, asserting

6  simply that "the doctrine of laches bars plaintiff's reliance on any purposeful promises made by company

7  employees when he returned to work in 1947."  Defendant's Motion for Disposition of all Claims, Dkt.

8  # 83, p. 19.   Arguing that so much time had passed since 1947 that evidence had been lost, defendant

9  asked the Court to "bar plaintiff's estoppel theory based on the doctrine of laches and because it is barred

10  by ERISA's writing requirement."  *Id.*  However, the Court's Order awarding benefits to plaintiff was

11  based on a finding of abuse of discretion by the plan administrators.  The Court did not rule on the basis

12  of plaintiff's promissory estoppel argument, and therefore found it unnecessary to specifically reject

13  defendant's laches argument.

14       With the amendment to the language of the July 27, 2005 Order as set forth above, and the

15  further explanation of reasons for rejecting defendants' laches argument, the Court DENIES defendants'

16  renewed motion for summary judgment (Dkt. # 172), thus reinstating the previous Order GRANTING

17  summary judgment to plaintiff as to his claim for benefits.  Dkt. # 115.   The Clerk shall re-enter

18  judgment in favor of plaintiff on this claim, as set forth previously at Dkt. # 116.

19       The Court notes that plaintiff has been awarded attorney's fees on appeal, and has filed his

20  petition for attorney's fees, together with a motion for extension of time, in both this Court and the

21  appellate court.  Dkt. ## 156, 167.  Plaintiff is directed to file, within two weeks of the date of this Order,

22  a statement clarifying which court is to make the determination.

23       Dated this 17th day of April, 2008.

24

25  RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

26

27

28  SUPPLEMENTAL ORDER - 4