1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELS JOHNSON, a single person,

Plaintiff,

v.

GEORGIA-PACIFIC CORPORATION,
successor in interest to CROWN ZELLERBACH;
GEORGIA-PACIFIC RETIREMENT PLAN
FOR CONSUMER PRODUCTS AND
PACKAGING EMPLOYEES, successor in
interest to the FORT JAMES RETIREMENT
PLAN-SCHEDULE 002(PORT ANGELES),
successor in interest to THE CROWN
ZELLERBACH RETIREMENT PLAN,

Defendants.

CASE NO. C04-1463RSM

ORDER ON MOTION FOR
ATTORNEY'S FEES AND COSTS
ON APPEAL

        The matter is now before the Court for consideration of plaintiff's petition for attorneys fees and

costs on appeal.  This Court's Order awarding plaintiff benefits for his years of service prior to 1947 was

affirmed, with modifications to be addressed below.  The matter was remanded in part so that this Court

could set forth its reasons for rejecting defendants' laches defense, which this Court has done.  Dkt. #

181.  Plaintiff now asks that he be awarded his attorneys' fees and costs as the party prevailing on appeal.

Defendants have opposed the award only as to the amounts requested.  Having considered the parties'

memoranda and exhibits, the Court now sets forth its findings and conclusions below.

ORDER ON MOTION FOR ATTORNEY'S
FEES - 1

LEGAL STANDARD

This action arises under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* The ERISA statute provides that "[i[n any action under this subchapter. . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  As a general rule, ERISA plaintiffs are entitled to reasonable fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Smith v. CMTA-IAM Pension Trust,* 746 F. 2d 587, 589 (9th Cir. 1984); quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  This section providing for attorney's fees should be read broadly, to mean that a prevailing plaintiff should recover fees "unless special circumstances would render such an award unjust." *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F. 3d 1384, 1392 (9th Cir. 1994).   The section allows the Court to award attorneys' fees on appeal. *Carpenters Southern Administrative Corp. v. Russell*, 726 F. 2d 1410, 1417 (9th Cir. 1984).

**I. Attorneys' Fees Award Determination**

To determine whether a fee award is appropriate, this Court applies the so-called *Hummell* factors, which include: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants of the plan, or sought to resolve a significant legal question regarding the plan; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F. 2d 446, 453 (9th Cir. 1980).  These criteria are applicable in considering a petition for fees on appeal. *Sokol v. Bernstein*, 812 F. 2d 559, 560 (9th Cir. 1987).

The Ninth Circuit Court of Appeals has transferred plaintiff's request for attorneys' fees to this Court for determination.  *See*, Dkt. # 184, exhibit, Order dated January 29, 2008.  Turning to the *Hummell* factors in the context of the appeal, the Court now finds as follows:

(1) Bad faith or culpability:

The Court previously found some degree of bad faith in defendants' conduct in this litigation,

 ORDER ON MOTION FOR ATTORNEY'S
FEES - 2

1  particularly in defendants' threat to request Rule 11 sanctions.  Dkt. # 136.   However, the Court finds no

2  additional bad faith in defendants' pursuit of this appeal.

3          (2) Defendant's ability to satisfy a fee award:

4          Defendants have nowhere asserted that they are incapable of satisfying an award of fees on

5  appeal.  Plaintiff demonstrated previously that the plan has assets over $1 billion.  The ability of

6  defendants to satisfy an award of fees is a key factor in the determination.  *Smith*, 746 F. 2d at 589-90.

7          (3) Whether an award of fees against the opposing party would deter others from acting under

8  similar circumstances:

9          Similarly, defendants have nowhere argued that a fee award in this appeal would have no such

10 deterrent effect.

11         (4) Whether the party requesting fees sought to benefit all participants of the plan, or sought to

12 resolve a significant legal question regarding the plan:

13         The Court found earlier that plaintiff's lawsuit involves a significant legal question regarding plan

14 interpretation, namely the crediting of pre-1945 years of employment where there is a later break in

15 service.  While there may be few other employees old enough to benefit, the court's interpretation of the

16 plan would apply equally to others in plaintiff's situation.  Plaintiff's success on appeal did resolve an

17 important legal question regarding the plan, and this factor weighs heavily in favor of a fee award.

18         (5) The relative merits of the parties' positions:

19         This factor is, "in the final analysis," the result obtained by plaintiff.  *Smith*, 746 F. 2d at 590.

20 Plaintiff here obtained the result he sought—a ruling that he was entitled under the plan to credit for all of

21 his pre-September 1, 1945 years of service.  This determination was upheld on appeal.  Plaintiff also

22 succeeded in his argument that *de novo* review was proper, under *Abatie v. Alta Health & Life*

23 *Insurance Co.*, 458 F. 3d 955 (9th Cir. 2006) (*en banc*).

24         Accordingly, the Court finds that *Hummell* factors weigh heavily in favor of a fee award, and

25 there are no special circumstances which suggest that such award would be unjust.  The amount of such

26 award must be determined next.

27

28  ORDER ON MOTION FOR ATTORNEY'S
    FEES - 3

## II. Amount of Attorneys' Fees

In determining the amount of attorneys' fees to be awarded under ERISA, 29 U.S.C. § 1132(g), the Court must first determine a "lodestar" amount by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Cortes v. Metropolitan Life Insurance Co.*, 380 F. Supp. 2d 1125, 1128 (C.D. Cal. 2005); citing *McElwaine v. U.S. West, Inc.,* 176 F. 3d 1167, 1173 (9th Cir. 1999). The Court then may adjust the lodestar upward or downward based on a number of factors, including (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill necessary; (4) the preclusion of other employment by the attorney due to the time consumed on this case; (5) the customary fee; (6) time limitations imposed by the client or other limitations; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorney; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Id.*, citing *Kerr v. Screen Extras Guild, Inc.* 526 F. 2d 67, 70 (9th Cir. 1975). Some of these factors may be subsumed in the initial lodestar calculation. *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Cunningham v. County of Los Angeles*, 879 F. 2d 481, 487 (9th Cir. 1988); *cert. denied,* 493 U.S. 1035 (1990). These factors are the complexity of the issues, counsel's skill, the quality of representation, and the results obtained. *Morales v. City of San Rafael*, 96 F. 3d 359, 364 n. 9 (9th Cir. 1996).

Plaintiff has requested attorney's fees of $149,400, representing 398.4 hours of work on the appeal at an hourly rate of $350, plus a "multiplier" of $25.00 per hour for those 398.4 hours.[1] Plaintiff seeks an additional award of $240.00 for co-counsel attendance at mediation. In a supplemental declaration, plaintiff requests an additional $34,275.00 for 91.4 hours of work in preparing the fee petition. Dkt. # 183. Plaintiff also seeks an award of $5,720.41 for un-reimbursed costs on the appeal, together with another $212.30 in costs for preparation of the fee petition. *Id*. The total amount of the award sought is $192,007.71. Defendant contends that the hourly rate is excessive and the number of

---

[1]This additional $25.00 per hour is not a true multiplier but rather an addition. Expressed as a multiplier, the $25.00 is equivalent to multiplying the hourly rate of $350 by a factor of 1.0714285, or an increase of approximately seven percent.

ORDER ON MOTION FOR ATTORNEY'S
FEES - 4

hours worked is unreasonable.   The Court turns first to the reasonableness of the time spent on this matter.

### A.   **Reasonableness of the Time Spent**

Defendants first contend that many of the hours spent on appeal were not "reasonably necessary", and that counsel must make a good faith effort to exclude from his fee request any hours that are excessive, redundant, or otherwise unnecessary, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The *Hensley* standards apply to cases "in which Congress has authorized an award of fees to a 'prevailing party' " *Schwartz v. Secretary of Health and Human Services*, 73 F. 3d 895, 901 n. 2 (9th Cir. 2003). The ERISA fee statute does not use "prevailing party" language, but rather authorizes "a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).   Nevertheless, the courts look to *Hensley* and following cases in ERISA matters as well, for help in determining what is "reasonable". *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F. 2d 1379, 1383 (9th Cir. 1990).

The party requesting fees has the burden of submitting detailed time records justifying the hours claimed. *Hensley*, 461 U.S. at 433.   Counsel has submitted the required time records, but defendants contend that many of the hours claimed were not reasonably necessary because a significant portion of the appellate briefs is devoted to losing arguments.  However, hours spent on claims or arguments that ultimately proved unsuccessful are not necessarily excluded, so long as the time spent contributed to the ultimate success of the plaintiff.   On the other hand, if an unsuccessful claim is "distinctly different," both legally and factually, from the successful claims, the hours expended should be excluded because they "cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Webb v. Sloan*, 330 F. 3d 1158, 1169 (9th Cir. 2003) (*quoting Hensley*, 461 U.S. at 435).

Defendants have identified what they categorize as five unsuccessful issues raised by plaintiff in his counter-appeal.  They assert that as counsel's billing entries are "block billed," the time he devoted to these issues cannot be separated from the time spent on the issues on which plaintiff prevailed.  They therefore contend that the time should be excluded on a pro-rata basis, based on the number of pages in his appellate briefs devoted to these issues.  Defendants have identified a total of 208.5 hours which

ORDER ON MOTION FOR ATTORNEY'S
FEES - 5

1  counsel charged in his billing records as representing time spent on research and writing the appellate

2  briefs, and ask that 80% of that time, or 166.8 hours, be excluded from the fee award.

3       The Court finds some merit in defendants' approach of identifying time spent on unsuccessful

4  claims by counting the pages devoted to such claims in the appellate briefs, as they are not separated in

5  the billing entries.  However, as set forth above, time spent on claims which are ultimately unsuccessful

6  on appeal is not necessarily excluded; only when the unsuccessful claim is "distinctly different," both

7  legally and factually, from the successful claims, should the hours expended be excluded.  *Webb v. Sloan*,

8  330s F. 3d at 1169 (9th Cir. 2003) (*quoting Hensley*, 461 U.S. at 435).  The only claim of the five

9  identified by defendants as "unsuccessful" on appeal, which is so distinctly different from plaintiff's

10  successful claims that the time should be excluded, is the claim regarding "underfunded, frozen plans and

11  stock options."  This statement and related arguments are found at pages 12 and 40 to 42 of plaintiff's

12  opening brief on appeal, and page 16 of his reply brief.  Declaration of Kristin Bremer, Dkt. # 166,

13  Exhibit 1, 2.  Counsel devoted a total of four out of ninety-seven pages to this argument, so under the

14  approach suggested by defendants, 4% of the time or **8.3 hours** will be excluded.

15       Defendants also contend that 50 hours should be excluded, as time that was devoted to secretarial

16  tasks and not properly billed as attorney time.  The Court has noted previously that time spent on clerical

17  activities is not recoverable in attorney's fees.  *Davis v. City and County of San Francisco*, 976 F. 2d

18  1536, 1543 (9th Cir. 1992).  The 50 hours also include billing for counsel's law office partner, who has

19  never been identified as co-counsel in this case, to attend mediation with counsel.  Plaintiff has not

20  demonstrated that there was any need for counsel's partner to attend the mediation.  The Court finds that

21  defendants' argument is sound in principal, but defendants have included hours that counsel billed

22  legitimately, namely the hours representing his own attendance at the mediation on August 31, 2006.  The

23  Court therefore excludes **44.5 hours** rather than the requested 50 hours.

24       Next, defendants have identified 15.2 hours that should have been excluded from counsel's bill as

25  time unnecessary to the litigation.  Defendants' Opposition, Dkt. # 165, p. 16.  These hours include six

26  hours billed on December 22, 2006 for research into the issue of SEC filings on stock options for the

27

28  ORDER ON MOTION FOR ATTORNEY'S
FEES - 6

1   Georgia Pacific chairman, a subject which has been deemed by the Court as too unrelated to the

2   successful claims to allow fees for the time spent.  These hours are excludable but the remaining hours are

3   arguably related to issues upon which plaiiff ultimately prevailed.  The Court therefore excludes **6.0**

4   **hours** from the fee request.

5       Finally, defendants propose a reduction of 15.3 hours which represent a proportionate share of

6   the 26.4 hours counsel spent preparing his fee petition, disallowing hours for that time in proportion to

7   the reduction of hours on the total fee petition.  As the Court has not accepted all of defendants'

8   proposed fee reductions (which by defendants' calculations amount to a 58% reduction on the total

9   number of hours), the Court declines to reduce the number of hours spent in preparation.

10      The total number of hours by which the Court reduces counsel's request is accordingly **58.8**

11  **hours.**  The number of hours for which counsel will be allowed fees is 398.4 less 58.8 or **339.6 hours**.

12      **B**.  **Reasonableness of the Hourly Rate**.

13      In determining the reasonableness of an attorney's rate in an ERISA case, the Court should

14  consider "the experience, skill, and reputation of the attorney requesting fees".  *D'Emanuele v.*

15  *Montgomery Ward & Co., Inc.*, 904 F. 2d at 1384;  quoting *Chalmers v. City of Los Angeles*, 796 F. 2d

16  1205, 1210 (9th Cir. 1986).  The reasonable rate determination is not made by reference to the actual

17  rates charged by the attorney; rather, the Court should use "the prevailing market rate in the community

18  for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Id*.

19      The fee applicant bears the burden of producing satisfactory evidence of the prevailing rates in the

20  community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

21  *Blum v. Stenson*, 465 U.S. at 895 n. 11.  Affidavits of plaintiff's attorney and other attorneys regarding

22  prevailing fees in the community, as well as rate determinations in other cases, are satisfactory evidence

23  of the prevailing market rate.  *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F. 2d 403,

24  407 (9th Cir. 1990).  Once the fee applicant has submitted such evidence, the opposing party must

25  produce affidavits or other evidence of its own to rebut the proposed rate.  *Id*.  In the absence of

26  controverting evidence, the proposed rates are presumed reasonable.  *Id*.

27

 ORDER ON MOTION FOR ATTORNEY'S
28 FEES - 7

1    Plaintiff requests an hourly rate of $350, with a "multiplier" of $25.00 per hour, for a total of

2  $375.00 per hour.  To support his request, he offers two declarations of attorneys practicing in the

3  ERISA field, whose hourly rates vary from $375 (Richard Spoonemore of Seattle, Washington) to $450

4  (Lisa Kantor of Northridge, California).  Attached to Ms. Kantor's declaration as exhibits are

5  declarations filed by other California attorneys and orders of California district courts awarding fees in

6  ERISA cases.  However, these declarations and orders regarding California attorneys' hourly rates are

7  not relevant to the question of prevailing rates for ERISA attorneys in this community.  The Court will

8  therefore consider only the Seattle attorney's declaration.

9    Mr. Spoonemore states that his rate of $375 per hour is "at, or a bit below, what ERISA litigation

10  plaintiff attorneys with my level of experience typically charge in the Seattle area."  Spoonemore

11  Declaration, Dkt. # 162, ¶ 2.  The key here is his level of experience.  Mr. Spoonemore stated in his

12  earlier declaration, dated April 27, 2006, that he had at that time fourteen years' experience in handling

13  ERISA matters.  He authored a section on ERISA cases in a trial lawyers' deskbook, and speaks

14  frequently on the subject of ERISA at CLE's and at the University of Washington Law School.

15  Spoonemore Declaration, Dkt. # 118, ¶ 3.  Plaintiff's counsel, on the other hand, while an experienced

16  attorney in maritime matters, is new to the field of ERISA litigation, at least in the area of benefits.  The

17  Court found previously that $300 per hour is a reasonable rate for his work in this case.  The Court finds

18  in the declarations and attachments filed no basis for altering that determination.[2]

19    **C. Adjustment of the Lodestar Figure**

20    The Court has determined the lodestar amount to be **$101,880** (339.6  hours x $300 per hour).

21  This amount is presumptively reasonable, and a multiplier may be used to adjust the lodestar upward or

22  downward "only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record

23

24    [2]Were the Court to consider the Declaration of Lisa Kantor, it would still find no basis for altering
    the hourly rate for plaintiff's counsel.  Ms. Kantor describes herself as an ERISA appellate specialist, with

25  twenty years of appellate practice, ten of those in ERISA.  Kantor Declaration, Dkt. # 159, ¶¶ 2,12.  In
    her fee request for an ERISA appeal, offered by plaintiff in support of his own fee petition, she requested

26  fees for a total of 59.5 hours.  Dkt. # 159, Exhibit J.  This is less than one-third the 208.5 hours that
    counsel spent on his research and writing for this appeal, a difference which reflects Ms. Kantor's greater

27  experience and justifies her higher rate of $450 per hour.

28   ORDER ON MOTION FOR ATTORNEY'S
    FEES - 8

1  and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." *Van*

2  *Gerwen v. Guarantee Mutual Life* Co., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v.*

3  *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

4      Plaintiff has requested  a "multiplier" of $25 an hour, but the Court has, in the analysis above,

5  already declined to do so.  Defendants assert that "if a multiplier is applicable at all, it should be

6  downward." Defendants' Opposition, p. 18.  However, they have not set forth any argument for doing

7  so, nor does the Court find any.  The Court thus declines to apply either an upward or downward

8  multiplier to the lodestar figure.

9      **III.  Costs**

10      Plaintiff has requested $5,720.41 in costs for the appeal, representing his out-of-pocket expenses

11  of $6,644.67, less $924.26 already taxed as costs.  He has submitted an itemized bill detailing the

12  charges, which include copying and printing of the appellate briefs, Federal Express charges, and Westlaw

13  research.  He states by declaration that it is his firm's practice, consistent with the prevailing practice in

14  the community, to bill these costs to the client. Declaration of Daniel Thompson, Dkt. # 157, ¶1.17.

15      The Court noted previously that costs of action recoverable under 29 U.S.C. § 1932(g) are

16  limited to those costs covered by 28 U.S.C. § 1920, citing *Agredano v. Mutual of Omaha Companies*, 75

17  F. 3d 541, 544 (9th Cir. 1996).  However, in 2006 the Ninth Circuit, without addressing the rule set forth

18  in *Agredano*, held that litigation expenses are recoverable as part of "attorneys's fees" under 29 U.S.C. §

19  1132(g)(2)(D), as long as "separate billing for such expenses is 'the prevailing practice in the local

20  community.'" *Trustees of the Construction Industry & Laborers Health Welfare Trust v. Redlands*

21  *Insurance Co.*, 460 F. 3d 1253, 1258-59 (9th Cir. 2006) (citations omitted).

22      Defendants, in objecting to an award of costs, cite back to the Court's previous ruling under

23  *Agredano*, without addressing the effect of the *Redlands* ruling.  Defendants also argue that even if the

24  Court were to award costs, they should be reduced proportionately with the fee award.

25      The Court finds that under *Redlands* it may award the separately billed litigation expenses as

26  attorney's fees under § 1932(g)(2)(D).  Plaintiff has provided his own declaration and that of attorney

27

28  ORDER ON MOTION FOR ATTORNEY'S
FEES - 9

1  Richard Spoonemore demonstrating that the separate billing of these out-of-pocket expenses to the client

2  is the prevailing practice in the Seattle legal community.  The Court therefore finds that plaintiff is entitled

3  to an award of **$5,720.41** for counsel's litigation expenses.  The Court declines to apply any

4  proportionate reduction to this amount.

5  **IV.  Supplemental Petition**

6  By supplemental declaration filed April 29, 2008, plaintiff seeks an additional $34,487.30 in

7  attorney's fees and costs for counsel's work on the laches issue which was remanded to this Court.

8  Plaintiff prevailed on this issue and is entitled to an award.  Applying the analysis factors and the $300

9  hourly rate set forth above, the Court finds that plaintiff is entitled to an additional **$27,420.00** in

10  attorney's fees for 91.4 hours of work, together with **$212.30** for counsel's unreimbursed expenses.

11

12  CONCLUSION

13  Plaintiff's motion for fees and costs is GRANTED IN PART.  Plaintiff is hereby awarded a total

14  of **$135,232.71** in attorney's fees, costs and expenses for counsel's work on appeal.

15

16  Dated this _3_ day of July, 2008.

17

18  RICARDO S. MARTINEZ
   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28  ORDER ON MOTION FOR ATTORNEY'S
   FEES - 10