UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELS JOHNSON, a single person,

Plaintiff,

v.

GEORGIA-PACIFIC CORPORATION, successor in interest to CROWN ZELLERBACH; GEORGIA-PACIFIC RETIREMENT PLAN FOR CONSUMER PRODUCTS AND PACKAGING EMPLOYEES, successor in interest to the FORT JAMES RETIREMENT PLAN-SCHEDULE 002(PORT ANGELES), successor in interest to THE CROWN ZELLERBACH RETIREMENT PLAN,

Defendants.

CASE NO. C04-1463RSM

ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS ON SECOND APPEAL

The matter is now before the Court for consideration of plaintiff's petition for attorney's fees and costs on his second appeal. Dkt. # 208. This Court's Order awarding plaintiff benefits for his years of service prior to 1947 was affirmed but remanded in part so that this Court could set forth its reasons for rejecting defendants' laches defense. On appeal of the laches issue, plaintiff again prevailed. Plaintiff now asks that he be awarded his attorney's fees and costs as the party prevailing on the second appeal. The matter has been referred to this Court for determination. Dkt. # 206. Defendants have opposed the award only as to the amounts requested. Having considered the parties' memoranda and exhibits, the Court now sets forth its findings and conclusions below.

ORDER ON MOTION FOR ATTORNEY'S
FEES - 1

LEGAL STANDARD

This action arises under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* The ERISA statute provides that "[i[n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As a general rule, ERISA plaintiffs are entitled to reasonable fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Smith v. CMTA-IAM Pension Trust,* 746 F. 2d 587, 589 (9th Cir. 1984); quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This section providing for attorney's fees should be read broadly, to mean that a prevailing plaintiff should recover fees "unless special circumstances would render such an award unjust." *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F. 3d 1384, 1392 (9th Cir. 1994). The section allows the Court to award attorney's fees on appeal. *Carpenters Southern Administrative Corp. v. Russell*, 726 F. 2d 1410, 1417 (9th Cir. 1984).

In determining the amount of attorney's fees to be awarded under ERISA, 29 U.S.C. § 1132(g), the Court must first determine a "lodestar" amount by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Cortes v. Metropolitan Life Insurance Co.*, 380 F. Supp. 2d 1125, 1128 (C.D. Cal. 2005); citing *McElwaine v. U.S. West, Inc.,* 176 F. 3d 1167, 1173 (9th Cir. 1999). The Court then may adjust the lodestar upward or downward based on a number of factors, including (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill necessary; (4) the preclusion of other employment by the attorney due to the time consumed on this case; (5) the customary fee; (6) time limitations imposed by the client or other limitations; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorney; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Id.*, citing *Kerr v. Screen Extras Guild, Inc.* 526 F. 2d 67, 70 (9th Cir. 1975). Some of these factors may be subsumed in the initial lodestar calculation. *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Cunningham v. County of Los Angeles*, 879 F. 2d 481, 487 (9th Cir. 1988); *cert. denied,* 493 U.S. 1035 (1990). These factors are the complexity of the issues, counsel's skill, the quality of representation, and the results obtained. *Morales v. City of San Rafael*, 96 F. 3d 359, 364 n. 9

(9th Cir. 1996).

Plaintiff has requested attorney's fees of $66,431.25, representing 177.15 hours of work on the appeal at an hourly rate of $375.00, plus an additional $7,425.00 for 19.8 hours spent on the reply memorandum. Dkt. # 215. Plaintiff also seeks an award of $3952.07 for un-reimbursed costs on the appeal. *Id*. The total amount of the award sought is $77,808.32. Defendant has not opposed an award of attorney fees, but contends that the hourly rate is excessive, and the number of hours worked is unreasonable. The Court turns first to the reasonableness of the time spent on this matter.

**A**. **Reasonableness of the Time Spent**

Defendants first contend that many of the hours spent on appeal were not "reasonably necessary." Counsel must make a good faith effort to exclude any hours that are excessive, redundant, or otherwise unnecessary, from his fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party requesting fees has the burden of submitting detailed time records justifying the hours claimed. *Hensley*, 461 U.S. at 433. Counsel has submitted the required time records, but defendants contend that many of the hours claimed were not reasonably necessary because a significant portion of plaintiff's appellate brief is devoted to matters other than the issue of laches. They assert that as counsel's billing entries are "block billed," the time he devoted to these other matters cannot be separated from the time spent on the laches issue, on which plaintiff prevailed. They therefore propose that it is reasonable to reduce the number of compensable hours claimed for work on the appellate brief by 25 per cent, thus excluding 15.08 hours from the fee award. The Court declines to adopt this proposal as it is speculative as to the amount of time spent, and also would constitute disapproval of counsel's strategic choices in writing his appellate brief.

Defendants next contend that 8.7 hours should be excluded as time that was devoted to secretarial tasks and not properly billed as attorney time. Defendants' Opposition, Dkt. # 211, p. 5-6. The Court has noted previously that time spent on clerical activities is not recoverable in attorney's fees. *Davis v. City and County of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992). Plaintiff has not adequately addressed this objection. The Court therefore excludes **8.7 hours** from the time to be compensated.

Next, defendants have identified 15.65 hours that should have been excluded from counsel's bill

ORDER ON MOTION FOR ATTORNEY'S
FEES - 3

as time unnecessary to the litigation. Defendants' Opposition, Dkt. # 211, p. 6 - 8. Defendants object that counsel has claimed time that he spent conferencing with his client regarding matters unrelated to the appeal, such as plaintiff's daughter's health, and counsel's efforts to obtain a hardship loan for plaintiff. Defendants have identified the specific billing entries to which they object, by date. *Id*., p. 7. Of these, the Court finds that the entry for 9/25/08 and half the time entered for 1/13/09 are sufficiently related to the appeal itself to be included. The Court therefore excludes **15.15 hours**, rather than 15.65, from the time to be compensated.

Defendants also object that plaintiff, in addition to opposing their motion for rehearing *en banc*, also filed a motion to issue the mandate, and sought sanctions for the *en banc* petition, contending it was frivolous. The Court finds that these choices represent litigation strategy, so that the time spent should not be excluded as unreasonable.

Finally, defendants argue that 8.35 hours, representing counsel's time spent between June 3, 2009 and June 12, 2009 on repeated requests for immediate payment of the judgment amount should be excluded. While counsel contends that his repeated requests were necessary for him to obtain payment, the Court is not persuaded. The Court finds that the June 3, 2009, communication (1.3 hours) was substantially justified, but subsequent redundant communications were not. The Court therefore excludes an additional **7.05 hours** from the fee petition.

Plaintiff has also requested compensation for 19.8 hours that counsel spent in preparing the reply brief. Declaration of Daniel Thompson, Dkt. # 215. Defendants did not have an opportunity to respond to this additional request. However, the Court notes that the reply brief is more than double the allowable page number in length. Local Rule CR 7(e)(4). The Court shall therefore exclude half the time spent on the brief, or **9.9 hours**.

The total number of hours by which the Court reduces counsel's request is accordingly **40.8 hours.** The number of hours for which counsel will be allowed fees is thus 177.15 hours + 19.8 hours - 40.8 hours, or a total of **156.15 hours**.

**B**. **Reasonableness of the Hourly Rate**.

In determining the reasonableness of an attorney's rate in an ERISA case, the Court should

consider "the experience, skill, and reputation of the attorney requesting fees." *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F. 2d at 1384; quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1210 (9th Cir. 1986). The reasonable rate determination is not made by reference to the actual rates charged by the attorney; rather, the Court should use "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Id.*

The fee applicant bears the burden of producing satisfactory evidence of the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. at 895 n. 11. Affidavits of plaintiff's attorney and other attorneys regarding prevailing fees in the community, as well as rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F. 2d 403, 407 (9th Cir. 1990). Once the fee applicant has submitted such evidence, the opposing party must produce affidavits or other evidence of its own to rebut the proposed rate. *Id*. In the absence of controverting evidence, the proposed rates are presumed reasonable. *Id*.

Plaintiff requests an hourly rate of $375 per hour. To support his request, he offers declarations of an attorney practicing in the ERISA field, whose hourly rate is $395 (Richard Spoonemore of Seattle, Washington). Mr. Spoonemore states his opinion that the requested rate of $375 per hour is "slightly below what I would consider to be a fair fee," but "well within the range charged by attorneys in Seattle with [counsel's] experience." Spoonemore Declaration, Dkt. # 210, ¶ 4. However, as noted previously by this Court, the key consideration here is level of experience. Mr. Spoonemore stated in his earlier declaration, dated April 27, 2006, that he had at that time fourteen years' experience in handling ERISA matters. He authored a section on ERISA cases in a trial lawyers' deskbook, and speaks frequently on the subject of ERISA at CLE's and at the University of Washington Law School. Spoonemore Declaration, Dkt. # 118, ¶ 3. Plaintiff's counsel, on the other hand, while an experienced attorney in maritime matters, is new to the field of ERISA litigation, and to appellate work in this area. Mr. Spoonemore's declaration does not account for this difference in levels of experience in ERISA matters. The Court found previously that **$300 per hour** is a reasonable rate for counsel's work in this case. The Court finds in the declarations and attachments filed no basis for altering that determination.

**III. Costs**

Plaintiff has requested $3,952.07 in un-reimbursed costs for the appeal, representing his out-of-pocket expenses of $4517.17, less $565.10 already awarded by the Court of Appeals. The Court found previously that under *Redlands Insurance*, litigation expenses are recoverable as part of "attorneys's fees" under 29 U.S.C. § 1132(g)(2)(D), as long as "separate billing for such expenses is 'the prevailing practice in the local community.'" *Trustees of the Construction Industry & Laborers Health Welfare Trust v. Redlands Insurance Co.*, 460 F. 3d 1253, 1258-59 (9th Cir. 2006) (citations omitted). Plaintiff has previously demonstrated that this is the prevailing practice in the Seattle legal community. Thus, only the $7.00 invoice for courier service on January 20, 2009, relating to the hardship loan application, shall be excluded from the cost award. The Court finds that plaintiff is entitled to an award of **$3,945.07** for counsel's litigation expenses

## CONCLUSION

Plaintiff's motion for fees and costs is GRANTED IN PART. Plaintiff is hereby awarded a total of **$46,845** in attorney's fees, representing 156.15 hours at $300 per hour, together with **$3945.07** for costs and expenses for counsel's work on the second appeal.

This Order concludes this case. The Clerk shall close the file.

DATED: September 30, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE